### Electric Gas-Lighting Co. *v.* Smith & Rhodes Electric Co.

*(Circuit Court, S. D. New York. March 16, 1885.)*

PATENTS FOR INVENTIONS—REISSUE—VALIDITY.

*Electric Gas-lighting Co.* v. *Tillotson*, 21 FED. REP. 568, followed, and the fifth claim of reissued patent No. 9,743, for electrical apparatus for lighting street lamps, *held* void.

In Equity.

*Edwin H. Brown*, for orator.

*Samuel B. Clarke*, for defendant.

WHEELER, J. The only question presented in this case now, was decided in *Electric Gas-lighting Co.* v. *Tillotson*, 21 FED. REP. 568, on the same patent. It is whether the fifth claim of the reissue is supported by the original, and has been reargued and reconsidered. The patent is for an electric gas-lighting apparatus. The foundation for this fifth claim is sought for in the original first claim. That

was for a circuit breaker located at the burner and operated automatically, substantially as described; this is for the combination of a wire through which a current of electricity is passed actuating mechanism for letting on the gas, an electro-magnet connected with the wire, an armature operated by the magnet, mechanism actuated by the armature breaking the circuit at the burner and producing sparks for lighting the gas, the whole operating automatically. The specification is the same in both the original and reissue. The inventor might have claimed upon it everything which he has claimed; but that is not sufficient. *Manufacturing Co.* v. *Ladd,* 102 U. S. 408. The reissue is between eight and nine years later than the original, and could not lawfully cover what was not either claimed in some manner in the original or included within what was so claimed. *Mahn* v. *Harwood,* 112 U. S. 360; S. C. 5 Sup. Ct. Rep. 174. This claim of the reissue is for machinery breaking an electric circuit at the burner and producing sparks there to light the gas. It may or may not include machinery for turning on the gas. The claim in the original was not for any machinery but the circuit breaker. It was for the circuit breaker operated, but that did not include the machinery to operate it. If it included the operation, that is a different thing from the means by which the operation is performed. *James* v. *Campbell,* 104 U. S. 356; *Powder Co.* v. *Powder Works,* 98 U. S. 126. So, whether this claim in the reissue includes the machinery for turning on the gas or not, it is for a part of the invention not claimed in the original. *Turner & S. Manuf'g Co.* v. *Dover Stamping Co.* 111 U. S. 319; S. C. 4 Sup. Ct. Rep. 401. And, as the claim in the original was not for any combination of parts, the combination of this claim of the reissue cannot be said to be the same combination further restricted by additional elements, and is not included in what was claimed in the original. The patent for the circuit breaker as located and operating, and machinery for turning on the gas, without the machinery for operating the circuit breaker, appears to have been satisfactory at the time when the patent was taken out, and for so long a time afterwards, that it could not be made to cover the machinery for operating the circuit breaker. The conclusion reached is the same as before.

Let there be a decree dismissing the bill of complaint.